**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MICHAEL-TYRONE STURGHISS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 1:25-cv-01953-TWP-KMB |
| RONALD DINSMORE LLC, | ) |
| LOGAN MCTARNSEY, | ) |
| JACOB LIGHTSEY, and | ) |
| GREENWOOD CITY POLICE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on Defendants Ronald Densmore, Logan McTarnsey, and Jacob Lightsey ("together, Defendants") Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 15). *Pro se* Plaintiff Michael-Tyrone Sturghiss ("Sturghiss") initiated this action against the Defendants alleging violations of his civil rights (Dkt. 1). The Court screened the Complaint and dismissed several claims, and Sturghiss' constitutional and tort claims against the Defendants were allowed to proceed. For the following reasons, the Motion for Judgment on the Pleadings is **granted, but without prejudice**.

## I.   BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion for judgment on the pleadings, the Court accepts as true the factual allegations in the Complaint and draws all inferences in favor of Sturghiss as the non-moving party. *See Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012).

On July 25, 2025, Sturghiss was driving a Nissan Murano when he was pulled over for a minor traffic infraction (Dkt. 1 at 5). At the time of the stop, Sturghiss' Nissan displayed the license plate pictured below.



The Defendants told Sturghiss that the US DOT numbers on his license plate came back as nothing. *Id.* Sturghiss alleges the three police officers (acting under color of law), unlawfully stopped and detained him for a minor traffic infraction, without reasonable suspicion or probable cause, and without issuing clear lawful justification. He was then detained without reasonable suspicion or probable cause, and the Defendant Officers used unnecessary force. *Id*. He was placed in a position of heightened risk by the officers drawing and aiming weapons (gunpoint) at him, despite no threats being posed by Sturghiss and even though he was not resisting or posing any danger. *Id*. Sturghiss was arrested but not given a reason for his arrest at the time. *Id*. at 7.

On September 26, 2025 Sturghiss initiated this action. In his caption, he lists himself as Michael-Tyrone Sturghiss, pro se, sui juris Claimant, Plaintiff. (Dkt. 1). The Court screened the Complaint and the following claims remain pending against Defendants:[1]

Count I-Unlawful Stop and Detention (Fourth Amendment)
Count II-Excessive Force (Fourth Amendment)
Count V-Assault, Battery (state law claims)

(Dkt. 1 at 9, 11).

---

[1] The Court dismissed the *Monell* claim against the Greenwood City Police (Count IV) and the interstate abduction claims. (Dkt. 9 at 4).

On December 18, 2025 Defendants filed their Answer to the Complaint (Dkt. 14) as well as the instant Motion for Judgment on the  Pleadings (Dkt. 15). Sturghiss filed a Response to Defendant's Assertions on January 11, 2026 (Dkt. 17), which the Court discerns to be his response to the motion for judgment on the pleadings.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer, and the pleadings are closed.  Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).  *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996).  The complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient.  *Id.*  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Like a Rule 12(b)(6) motion, the Court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)).  The factual allegations in the complaint are viewed in a light most favorable to the non-moving party; however, the Court

3

is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

### III.  DISCUSSION

In their Motion for Judgment on the Pleadings, Defendants assert that Sturghiss' claims are based upon fictitious legal conclusions he pled as facts: that his "USDOT" license plate is valid, and thus an improper basis for a traffic stop, and that he is a "Non-US Citizen" on a "Do Not Detain List." (Dkt. 16 at 5). Defendants argue Sovereign citizen theories, such as those in Sturghiss' Complaint, have been universally rejected as frivolous. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," …that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily; however they are presented.") Defendants point out that Sturghiss' choice to flout the law by displaying a fictitious license plate, inevitably led to an encounter with law enforcement. They argue that the lawsuit that follows "where Plaintiff seeks redress in any and all forms the law allows" attempts to pervert the justice system.  Because Sturghiss' claims are premised upon sovereign citizen theories, Defendants ask the Court to dismiss his lawsuit, with prejudice, at the Rule 12 stage. *Id*. at 6.

Defendants are correct in their assertion that portions of Sturghiss' Complaint rely on "sovereign citizen" theories of law challenging the legitimacy of federal, state, and local governments that have long been discredited. *See, e.g.*, *Bey v. State of Indiana*, 847 F.3d 559, 559–60 (7th Cir. 2017). But not all of  Sturghiss' claims rely on sovereign theories. Accordingly, the

4

Court will disregard any of his arguments based on sovereign citizen theories when analyzing the motion for judgment on the pleadings, and his non-sovereign theories will be construed.

Accepting his factual allegations as true at the pleading stage, and liberally construing his *pro se* Complaint, Sturghiss' claims that he was detained without reasonable suspicion or probable cause, and that the Officers used unnecessary force when they drew and aimed their weapons at Sturghiss, even though he was not resisting or posing any danger, survive a judgment on the pleadings. *Id*. Excessive force claims arising under § 1983 are analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Determining whether an officer's use of force is reasonable depends on the totality of the circumstances, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [he] is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

Here, Sturghiss alleges that he was being arrested for a fraudulent license plate, not a violent offense and he asserts that he did not resist arrest. And in his Response brief, Sturghiss makes factual allegations that he was held at gunpoint by the Defendants, including one officer who pointed a firearm less than two feet from his head while another forcibly grabbed his wrist and removed him from his automobile, seized his phone and handcuffed him without probable cause. (Dkt. 17 at 2). He alleges that he was jailed for over two months and his automobile seized and never returned. *Id*.

Based on the allegations in his complaint, Sturghiss has adequately pled that he was falsely arrested and that officers used excessive force. In addition, he has adequately pled state law claims of assault and battery. However, while Sturghiss may have a claim related to excessive force under the Fourteenth Amendment and state law claims for assault and battery, he has not named which

individual defendants participated in the excessive force and battery. Likewise, he has not alleged any misconduct by any individual defendant that he named. "[I]ndividual liability under § 1983. . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id*. In addition, for a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County*, Ill., 40 F.4th 824, 828 (7th Cir. 2022). So although Sturghiss has adequately alleged some of his claims, his Complaint fails to state any factual allegations against any individual defendant. Accordingly, judgment on the pleadings is **granted and Sturghiss' Complaint is subject to dismissal**, but Sturghiss is granted an opportunity to file an amended complaint with more specificity as to which officer did what.

## IV.   OPPORTUNITY TO FILE AN AMENDED COMPLAINT

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Sturghiss to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Sturghiss hall have **through May 14, 2026, to file an Amended Complaint**.

## V.   CONCLUSION

For the foregoing reasons, the Defendants' Motion for Judgment on the Pleadings (Dkt. 15), is **GRANTED but without prejudice**. Sturghiss is granted leave through **May 14, 2026  to file an Amended Complaint** to sufficiently allege factual support in the pleadings in the action against the individual officers.  If nothing is filed, the dismissal will convert to one with prejudice and his claims will be dismissed with prejudice.

The **Clerk is directed** to send a form Complaint with Sturghiss copy of this order.

**SO ORDERED.**

Date:  4/20/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL-TYRONE STURGHISS
1695 Farm Meadow Dr.
Greenwood, IN 46143

Daniel Mark Witte
TRAVELERS STAFF COUNSEL INDIANA
dwitte@travelers.com

7